**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Stephanie Coulombe

   v.                                 Civil No. 12-cv-354-PB

Al Terry Plumbing & Heating, et al.

**NOTICE OF RULING**

    Re:   Document No. 6, Proposed Discovery Plan

1. Electronic Discovery

    The parties' proposed discovery plan (doc. no. 6) is approved. However, the court orders the parties to file a supplement to the plan for the reasons explained below.

    The parties' statement regarding electronic discovery is inadequate. Rule 26(f)(3)(C) requires that a plan "must" include the parties' views on electronic discovery "including the form or forms in which it should be produced . . . ." The parties' proposed discovery plan includes nothing about any agreement(s) with respect to electronic discovery, stating instead that the parties "reserve the right to seek orders, if necessary." More is required under the rule.

    Accordingly, the parties are ordered to meet and confer and file, on or before January 29, 2013, a joint motion to supplement the discovery plan that outlines more specifically their plans/agreements with respect to electronic discovery. The court refers the parties to the following outline of potential issues to discuss:

    A. Preservation. Counsel should attempt to agree on steps the parties will take to segregate and preserve ESI in order to avoid accusations of spoliation.

    B. E-mail Information. Counsel should attempt to agree on the scope of e-mail discovery and e-mail search protocol.

    C. Back-up and Archival Data. Counsel should attempt to agree on whether responsive back-up and archival data

   exists, the extent to which back-up and archival data is
   reasonably accessible, and who will bear the cost of
   obtaining such data.

   D. Format and Media. Counsel should attempt to agree on the
   format and media to be used in the production of ESI,
   and whether production of some or all ESI in paper form
   is agreeable in lieu of production in electronic format.

   E. Reasonably Accessible Information and Costs. Counsel
   should attempt to determine if any responsive ESI is not
   reasonably accessible, i.e., is accessible only by
   incurring undue burdens or costs.

   F. Privileged or Trial Preparation Materials. Counsel also
   should attempt to reach agreement regarding what will
   happen in the event privileged or trial preparation
   materials are inadvertently disclosed.  See Fed. R.
   Evid. 502.

2.   Summary Judgment Motions due on or before August 5, 2013.

3.   Trial is scheduled for the two-week trial period beginning
December 3, 2013.

   In light of the court's approval of the parties' proposed
discovery plan subject to the aforementioned modification, the
pretrial conference currently scheduled to occur on January 8,
2013, is cancelled.

                                    _____
                                    Landya McCafferty
                                    United States Magistrate Judge
January 8, 2013

cc:  Richard J. Lehmann, Esq.
     William Joseph Flanagan, Esq.